[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11422
Non-Argument Calendar

_____

Agency No. A97-548-867

SALEEM PANJWANI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 17, 2008)**

Before DUBINA, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Saleem Panjwani, a citizen of Pakistan, petitions for review of the Board of

Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order denying Panjwani's motion to reopen as time-barred. After review, we dismiss in part and deny in part the petition.

## I. BACKGROUND

In August 2004, United States Immigration and Customs Enforcement issued a Notice to Appear, charging Panjwani with removability as an alien present in the United States without being admitted or paroled, in violation of 8 U.S.C. § 1182(a)(6)(A)(i). Panjwani conceded removability and filed an application for asylum and withholding of removal. On June 28, 2006, the date of his removal hearing, Panjwani, represented by counsel, withdrew his application for asylum and withholding of removal and requested voluntary departure. The IJ granted Panjwani until October 26, 2006 to depart voluntarily and entered an alternate order of removal to Pakistan.

On February 5, 2007, Panjwani, through new counsel, filed with the IJ a motion to reopen removal proceedings. Panjwani argued that his prior counsel gave ineffective assistance because he failed to advise Panjwani he was eligible for an adjustment of status through his parents, who are permanent residents. Panjwani maintained that his prior counsel's negligence constituted exceptional circumstances tolling the 90-day deadline for filing motions to reopen.

On February 14, 2007, the IJ denied Panjwani's motion to reopen as time-

barred. The IJ also concluded Panjwani was statutorily ineligible for the relief sought, and, alternatively, the IJ denied Panjwani's motion to reopen because Panjwani had entered the United States illegally. Panjwani appealed to the BIA.

On March 17, 2008, the BIA affirmed the IJ's decision and dismissed Panjwani's appeal. The BIA concluded that the IJ correctly denied the motion to reopen as untimely. The BIA noted that Panjwani had not alleged that any ineffective assistance of counsel had prevented him from filing a timely motion to reopen. Panjwani filed a petition for review with this Court.

## II. DISCUSSION

Panjwani argues that his motion to reopen is not time-barred because his counsel's ineffective assistance equitably tolled the 90-day period for filing a motion to reopen.[1]

An alien's motion to reopen removal proceedings, filed with the IJ pursuant to 8 U.S.C. § 1229a(c)(7)(A), "must be filed no later than 90 days of entry of a final administrative order of removal . . . ." 8 C.F.R. § 1003.23(b)(1).[2] Counsel's ineffective assistance does not toll the 90-day time limitation for motions to

---

[1]We review "only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the denial of a motion to reopen proceedings for abuse of discretion. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).

[2]The regulations provide four statutory exceptions to the 90-day filing deadline, none of which is relevant to this case. See 8 C.F.R § 1003.23(b)(4).

reopen.  Abdi, 430 F.3d at 1150.

Here, the IJ entered its order of voluntary departure on June 28, 2006, and Panjwani filed his motion to reopen on February 5, 2007, 220 days later.  Thus, Panjwani's motion to reopen was not filed within the 90-day period and was untimely.  Furthermore, as Panjwani acknowledges, under our binding precedent in Abdi, any alleged ineffective assistance by Panjwani's counsel did not toll the 90-day filing deadline.  See id.  To the extent Panjwani asks us to revisit this rule, only this Court sitting en banc or the Supreme Court can overrule a prior panel decision. See, e.g., United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998).[3] Accordingly, we find no abuse of discretion in denying Panjwani's motion to reopen as time-barred.

Panjwani also argues that the BIA should have exercised its authority to reopen his removal proceedings sua sponte because it noted in its order that he had been "ill served" by his prior counsel.  See 8 C.F.R. § 1003.2(a) (conferring upon the BIA the power to reopen removal proceedings on its own motion).  However, we lack jurisdiction to review the BIA's discretionary decision not to sua sponte reopen proceedings.  See Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1294 (11th Cir.

---

[3]We find no merit to Panjwani's argument that the Supreme Court in Dada v. Mukasey, ___ U.S. ___, 128 S. Ct. 2307 (2008), overruled this Court's prior precedent.  Dada did not address whether the 90-day filing period for motions to reopen is subject to equitable tolling based on ineffective assistance of counsel.

4

2008).

**DISMISSED IN PART; DENIED IN PART.**